————o————

No. 7086.

## DR. GEORGE DEMPSEY v. JOS. McNAMARA.

### Syllabus.

A by-law of a mutual benefit association granted to the physician of the association the privilege or charging members for surgical services, provided he had notified the member in advance that a charge would be exacted.

Held: that this proviso cannot be used as a defense by a member who testified that he knew that he had to pay for a surgical operation.

Appeal from the Civil District Court, Parish of Orleans, No. 116,019, Division "B"; Honorable Fred D. King, Judge. Affirmed.

George J. Untereiner, for plaintiff and appellee.

E. M. Stafford & H. W. Robinson, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit for professional services rendered by plaintiff as physician and surgeon. He alleges that on April 13th, 1914, he was summoned by the defendant to treat his minor daughter for an abscess of the liver; that he found it necessary to perform an operation; that he performed it on April 27th; that he has sent the defendant a bill for $114 composed of one item of $50 for the operation and of 32 other items of $2 each for as many visits rendered necessary for the treatment of the abscess from April 28 to June 11, and as a part or continuation of the operation. He makes no charge for visits anterior to April 13th.

Defendant denies owing any sum whatever except $50 representing the price of the operation; he avers that the charges on said bill are larger than those ordinarily made for similar services; that he is a member of the Catholic Knights Mutual and Benevolent Association and that plaintiff is one of the physicians regularly employed by the organization to treat its members and their minor children; that by the provisions of Article XII of the by-laws it was

421

the duty of plaintiff to treat defendant's child free of charge as to him.

There was judgment for plaintiff and defendant has appealed.

The operation for an abscess of the liver consists in making an incision into the liver and introducing into it a drain; the incision must be washed and drained daily until the infection is removed and the wound healed.

We have come to the conclusion that the visits cannot be separated from the operation; that together they form different parts of a whole; that they were necessary complements of the operation and brought it to a successful termination. We are also satisfied that the charge was moderate in the extreme for so difficult and dangerous an operation. The only question is one of liability.

Section 8 of Article XII of the by-laws reads as follows:

> "The physician shall render all professional services required of him, provided that he shall have the privilege of charging members extra for midwifery services rendered to their wives, and surgical services to members of their family, provided he has notified the member in advance that a charge will be exacted."

Defendant's defense is based upon the theory that the operation and the visits are separate and distinct charges. He admitted that he owed for the operation and tendered $50, but denied being indebted for the visits. If his theory was correct, the by-laws would have protected him. But as we have already refuted it, the by-laws afford him no shield.

Upon the argument of the case counsel for defendant took refuge behind the provision of the by-laws reading

"provided he has notified the member in advance that a charge will be exacted" and urged that the plaintiff had no claim because he had neither alleged nor proved that he had given the required notice. It is true that he did not allege it; but although defendant did not make it an issue in the case by his pleadings, we think it was not necessary either to allege or prove it.

As a witness the defendant was asked:

> Q. You knew that you would be called upon to to pay for the operation?
> A. Operation? Yes, for an operation.

Article 18 of the Civil Code provides that:

> "The universal and most effectual way of discovering the meaning of a law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the Legislature to enact it."

The object and reason of the by-laws in requiring previous notice of a charge for an operation was to enable a member to make a contract for the price of the operation or to select a physician of his own choice commanding his implicit confidence. But when a member already knew that a charge would be made, he did not require notice of it, it would not be reasonable to require it by applying the letter and ignoring the spirit of the rule.

Thus the bankrupt law requires personal notice to the creditors; but, nevertheless, the discharge will be a bar to all creditors, who, although not notified, had actual knowledge of the bankruptcy.

Judgment affirmed.

Opinion and decree May 28th, 1917.